UNITED STATES of America,
Plaintiff–Appellee,

v.

Eduardo GUTIERREZ–AGUINIGA,
Defendant–Appellant.

No. 03–3335.

United States Court of Appeals,
Tenth Circuit.

June 15, 2004.

Brent I. Anderson, Wichita, KS, for Plaintiff–Appellee.

Steven K. Gradert, Wichita, KS, for Defendant–Appellant.

Eduardo Gutierrez–Aguiniga, pro se.

Before TACHA, Chief Judge, ANDERSON and BALDOCK, Circuit Judges.

**ORDER AND JUDGMENT\***

STEPHEN H. ANDERSON, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Following a jury trial, Eduardo Gutierrez–Aguiniga was found guilty of one count of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). He was sentenced to 352 months' imprisonment. He appeals, arguing (1) the indictment fails to charge an offense; (2) the indictment omits an essential element of the offense; (3) the evidence is insufficient to support his convictions; (4) the district court erred in enhancing his sentence for being an organizer/leader pursuant to United States Sentencing Commission, *Guidelines Manual* ("USSG"), § 3B1.1(c) (Nov.2002), and for obstructing justice pursuant to § 3C1.1; and (5) his counsel was ineffective.

Gutierrez–Aguiniga's appointed counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), advising this court that, "after a conscientious examination" of his client's case, he has found this appeal to be "wholly frivolous," and he seeks permission to withdraw as counsel. *Id.* at 744, 87 S.Ct. 1396. After carefully reviewing the record, we agree with Gutierrez–Aguiniga's counsel that this appeal presents no non-frivolous issues, so we grant counsel's request to withdraw and we affirm Gutierrez–Aguiniga's conviction and sentence.

On February 20, 2003, a Drug Enforcement Administration ("DEA") task force obtained a search warrant for 1828 North Payne, in Wichita, Kansas. On February 28, law enforcement personnel arrived at that address to execute the search warrant. In executing the search warrant, officers found Gutierrez–Aguiniga standing in the master bedroom of the house, and encountered his three co-defendants and another individual at various locations in and around the house. They also found materials with methamphetamine residue on them, a digital scale, mixtures containing methamphetamine, pistol ammunition, photographs of Gutierrez–Aguiniga with a revolver stuck in the waistband of his pants. and baggies of a white powdery substance believed to be methamphetamine. In the living room, they found a loaded .44 magnum revolver under a sofa seat cushion. They also found a bucket of powdered "MSM," a veterinary supplement commonly used to cut methamphetamine. A search of two vehicles on the premises revealed three baggies of methamphetamine concealed in a speaker box in one and altered headrests in the other.

Prior to the trial, all of Gutierrez–Aguiniga's co-defendants pled guilty, including one, Jorge Gutierrez–Nunez, who agreed to testify against Gutierrez–Aguiniga. At trial, he testified that, at the behest of Gutierrez–Aguiniga, he had both purchased MSM to mix with methamphetamine and had packaged money to purchase methamphetamine and placed them in the headrests of one of the vehicles. Joan Patterson, a defendant in another trial, testified at Gutierrez–Aguiniga's trial that she had met Gutierrez–Aguiniga in March of 2002 and bought methamphetamine from him two to four times per week. She also testified that he advanced her methamphetamine after she was arrested.

At his trial, Gutierrez–Aguiniga testified that, when he arrived home from California some ten minutes before the police executed the search warrant, he noticed the back window of his house being broken. He further testified that he was unaware of the existence of any methamphetamine in his house or car and he denied

ever selling it. He also testified that he had been working at Cessna Aircraft to support his family, although a Cessna personnel representative testified that he had reviewed Cessna's employment records and nobody with the social security number matching Gutierrez–Aguiniga was ever employed at Cessna. A subcontractor for Cessna testified that he located an employee with the same social security number as Gutierrez–Aguiniga but that the picture identification of that person did not match Gutierrez–Aguiniga.

■ Gutierrez–Aguiniga first challenges the sufficiency of the indictment, arguing (1) that it failed to allege that the methamphetamine he was charged with conspiring to possess and possessing with intent to distribute was in an injectable liquid form for purposes of its classification as a Schedule II substance; and (2) that it failed to allege that he acted with specific intent to violate 21 U.S.C. §§ 841(a)(1) and 846. He does not claim, nor does the record reveal, that he challenged the sufficiency of the indictment before the district court. Furthermore, his challenges to the indictment are meritless.

Gutierrez–Aguiniga next argues the evidence was insufficient to support his convictions, particularly on the firearm possession charge. We review a challenge to the sufficiency of the evidence "in a light most favorable to the government to determine if there was sufficient evidence upon which a reasonable jury could find [the elements if the crime charged] beyond a reasonable doubt." *United States v. Lang,* 364 F.3d 1210, 1223 (10th Cir.2004) (further quotation omitted). We agree with Gutierrez–Aguiniga's appointed counsel's assessment that, as the district court indicated in the sentencing proceedings, the evidence against Gutierrez–Aguiniga was "overwhelming" and thus we find his challenge to its sufficiency meritless.

Finally, Gutierrez–Aguiniga challenges two sentencing enhancements imposed by the district court. "When considering challenges to enhancements at sentencing, we review the district court's factual findings ... under the clearly erroneous standard, and review de novo the district court's legal interpretation of the Sentencing Guidelines." *United States v. Cardena–Garcia,* 362 F.3d 663, 665 (10th Cir. 2004) (further quotation omitted). Gutierrez–Aguiniga received a two-level enhancement for being an organizer/leader of the drug conspiracy and another two-level enhancement for obstruction of justice based upon false testimony Gutierrez–Aguiniga gave concerning his purported employment, his involvement in transporting methamphetamine from California, his whereabouts prior to the execution of the search warrant, and his testimony that he did not see any drugs in his house, despite "evidence at trial [that] showed overwhelmingly that the defendant's testimony on these matters was false." Mem. and Order at 2, R. Vol. I, tab 148. There is no basis for challenging as clearly erroneous the findings underlying those two enhancements.

■ Finally, we note that "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal." *United States v. Galloway,* 56 F.3d 1239, 1240 (10th Cir.1995) (en banc).

We therefore grant Gutierrez–Aguiniga's counsel's permission to withdraw as counsel and AFFIRM his conviction and sentence.